UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA,<br><br>    Plaintiff,<br><br>    v.<br><br>T-MOBILE US, et al.,<br><br>    Defendants. | Case No.  5:23-cv-05182-EJD<br><br>**ORDER GRANTING MOTIONS TO DISMISS; DENYING MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 28, 38, 45, 88 |

Pro se[1] Plaintiff, Ganiyu Ayinla Jaiyeola ("Jaiyeola"), filed the present false advertising action against Defendants AT&T Mobility, LLC ("AT&T"), Verizon Communications. Inc. ("Verizon"), Apple Inc. ("Apple"), and T-Mobile U.S. ("T-Mobile") (collectively, "Defendants"), alleging violations of the federal Lanham Act, 15 U.S.C. § 1125(a), and California false advertising law, Cal. Bus. & Prof. Code § 17500, et seq. First Am Compl. ("FAC"), ECF No. 18.

Before the Court are three motions to dismiss ("MTD") filed by AT&T (joined by Verizon), Apple, and T-Mobile, as well as Jaiyeola's motion for leave to file a second amended complaint ("SAC"). T-Mobile MTD, ECF No. 28; Apple MTD, ECF No. 38; AT&T MTD, ECF No. 45; Verizon Joinder to AT&T MTD, ECF No. 54; Mot. for Leave, ECF No. 88.

---

[1] While Jaiyeola is a self-represented litigant, the Court notes that he is an experienced, educated, and frequent litigant who has filed dozens of cases in federal district courts and appellate courts across the country, including the Sixth, Ninth, and Tenth Circuits. *See Jaiyeola v. Apple, Inc.*, No. 5:23-CV-03462-EJD, 2024 WL 1329922, at *9 (N.D. Cal. Mar. 27, 2024) (citing *Jaiyeola v. Garmin Int'l, Inc.*, No. 20-CV-2068-EFM, 2022 WL 16833253 (D. Kan. Nov. 9, 2022), *aff'd*, No. 22-3245, 2023 WL 4417480 (10th Cir. July 10, 2023) (found a vexatious litigant); *Jaiyeola v. Toyota Motor N. Am.*, No. 1:17-CV-562, 2021 WL 6061897, at *1 (W.D. Mich. Dec. 10, 2021), *aff'd sub nom. Jaiyeola v. Toyota Motor Corp.*, No. 21-1812, 2022 WL 17819776 (6th Cir. June 16, 2022) (found a vexatious litigant)).

Case No.: 5:23-cv-05182-EJD
ORDER GRANTING MOTS. TO DISMISS; DENYING MOT. FOR LEAVE TO AM.
1

All four motions are fully briefed. Opp'n to T-Mobile MTD, ECF No. 40; T-Mobile Reply, ECF No. 56; Opp'n to Apple MTD, ECF No. 43; Apple Reply, ECF No. 61; Opp'n to AT&T MTD, ECF No. 58; AT&T Reply, 70; Verizon Joinder to AT&T Reply, ECF No. 71; Apple Opp'n to Mot. for Leave, ECF No. 92; AT&T Joinder to Apple Opp'n to MTD, ECF No. 93; T-Mobile Joinder to Apple Opp'n to MTD, ECF No. 94; Verizon Joinder to Apple Opp'n to MTD, ECF No. 95; Reply in Supp. of Mot. for Leave, ECF No. 97.

Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral arguments pursuant to Civil Local Rule 7-1(b). Based on the following reasons, the Court **GRANTS** Defendants' motions to dismiss and **DENIES** Jaiyeola's motion for leave to file an amended complaint.

## I.   BACKGROUND

Jaiyeola alleges that Defendants have been airing advertisements on television and the internet which state that the alloy used to create the outer material of the iPhone 15 Pro is titanium. *Id.* ¶ 2. He alleges that these advertisements are false or misleading because they inform the public that the iPhone 15 Pro is titanium when in fact it contains alloys of both titanium and aluminum. *Id.* ¶¶ 37, 49, 55. Jaiyeola asserts that aluminum alloys have higher thermal conductivities than titanium alloys. *Id.* ¶ 20. Jaiyeola quotes several news outlets stating that the iPhone 15 Pro is experiencing issues with overheating. *See* FAC 7–19. Jaiyeola further alleges that these false advertising practices were intended to deceive consumers and used for financial gain. *Id.* ¶¶ 50, 52, 56, 58.

At the initiation of this suit, Jaiyeola had not purchased an iPhone 15 Pro, but alleged that he had previously purchased prior iPhone iterations and would have purchased an iPhone 15 "but for" Defendants' false advertising. *Id.* ¶ 34. However, in Jaiyeola's motion for leave to file the proposed SAC, he newly alleges that, despite his knowledge of Defendants' false advertising, Jaiyeola purchased the iPhone 15 Pro on January 16, 2024, about three months into the lawsuit. Mot. for Leave 5, 9.

Shortly after filing his original complaint, Jaiyeola filed an *Ex Parte* Emergency

1   Application for Temporary Restraining Order and Preliminary Injunction ("TRO Application")

2   seeking to enjoin Defendants from advertising the iPhone 15 Pro as titanium.  TRO Application,

3   ECF No. 25.  The Court denied the TRO Application, finding that Jaiyeola failed to show

4   likelihood of success on the merits because he had not established standing to bring his claims,

5   and he did not plead facts sufficient to state his claims.  TRO Order, ECF No. 30.  Jaiyeola

6   appealed to the Ninth Circuit, filing an emergency motion for injunctive relief and a request to

7   reassign this case to a different district judge, both of which were denied.[2]  ECF No. 44.

**II.   LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. Rule Civ. Pro. 8(a)(2).  While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The court must generally accept as true all "well-pleaded factual allegations."  *Ashcroft v. Iqbal*, 556 U.S at 664.  The court also must construe the alleged facts in the light most favorable to the plaintiff.  *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.").  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678.

---

[2] The Court notes that this case has an extensive procedural history that followed, though the Court need not detail that history again for purposes of this Order.  *See* Order Den. Mots. for Entry of Default; Terminating Mot. to Strike, ECF No. 83 (summarizing Jaiyeola's filings including various motions to compel the Court to enter default against Verizon, a motion requesting a special master, a motion requesting disqualification of the Undersigned, a motion for reconsideration, and a motion to strike Verizon's filings).

Case No.:   5:23-cv-05182-EJD
ORDER GRANTING MOTS. TO DISMISS; DENYING MOT. FOR LEAVE TO AM.
3

1    Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2    *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106
3    (1976)).  But still, even pro se pleadings "must meet some minimum threshold in providing a
4    defendant with notice of what it is that it allegedly did wrong" and how they are entitled to relief.
5    *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).
6    If the court concludes that a 12(b)(6) motion should be granted, the "court should grant
7    leave to amend even if no request to amend the pleading was made, unless it determines that the
8    pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d
9    1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### III.   DISCUSSION

#### A.   Motions to Dismiss

The Court must dismiss this action for lack of statutory standing.[3]

#### 1.   Lanham Act

"To sue under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales, and thus, a consumer cannot bring a claim under the Lanham Act."  *Lewis v. Google LLC*, 851 F. App'x 723, 724 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 434 (2021) (quotations and citation omitted).  This is because the Lanham Act does not allow "all factually injured plaintiffs to recover" for false advertising.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014).  As explained in *Lexmark International*, "[a] consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act."  *Id.* at 132.  The plaintiff must fall within the "zone of interests" to assert a cause of action under Section 1125(a), meaning the plaintiff must allege an "injury to a commercial interest in reputation or sales."  *Id.* at 131–32.  An economic or reputational injury must flow "directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes

---

[3] Because the Court finds that Jaiyeola has failed to establish statutory standing for either claim, the Court need not address Defendants' remaining arguments regarding the failure to state a claim.

Case No.:   5:23-cv-05182-EJD
ORDER GRANTING MOTS. TO DISMISS; DENYING MOT. FOR LEAVE TO AM.
4

United States District Court
Northern District of California

1  them to withhold trade from the plaintiff." *Id.* at 133.

2  As the Court indicated in its TRO Order, Jaiyeola's FAC does not allege that he has a

3  commercial interest in reputation or sales; he is merely a consumer who purchased various Apple

4  iPhones in the past. *See* TRO Order 5. The law is very clear that a consumer such as Jaiyeola

5  cannot bring a claim under the Lanham Act. *Lewis v. Google LLC*, 851 F. App'x 723, 724 (9th

6  Cir. 2021).

7  Accordingly, the Court **GRANTS** Defendants' motions to dismiss Count I for lack of

8  standing.

### 2.     California False Advertising Law

Private standing to bring a false advertising claim under California law "is limited to any person who has suffered injury in fact and has lost money or property as a result of unfair competition or false advertising." *Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 915 (Cal. 2016) (internal quotations omitted) (quoting *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 320–21 (Cal. 2011). Therefore, to establish standing, a party bringing a false advertising claim must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset*, 51 Cal. 4th at 322 (emphasis in original). Although a plaintiff "need not demonstrate [the misrepresentation] was the only cause" of the injury, the plaintiff must show "that the misrepresentation was an immediate cause." *In re Tobacco II Cases*, 46 Cal. 4th at 326.

Here, the FAC is devoid of any allegation that Jaiyeola suffered an economic injury in the form of lost money or property, let alone that he suffered an economic injury *as the result of* Defendants' conduct. The FAC[4] alleges that Jaiyeola would have purchased an iPhone 15 Pro "but for" Defendants' false advertising, but it does not allege that he actually purchased an iPhone

---

[4] Jaiyeola alleges in the proposed SAC that he recently purchased an iPhone 15 Pro, but this new fact does not save his claim, as discussed below in the Court's analysis of Jaiyeola's motion for leave to amend.

Case No.: 5:23-cv-05182-EJD
ORDER GRANTING MOTS. TO DISMISS; DENYING MOT. FOR LEAVE TO AM.
5

1   15 Pro and, for example, paid more money than he would have had he known that the iPhone 15
2   Pro was not made entirely from titanium. In other words, Jaiyeola does not allege that
3   Defendants' false advertising caused him to lose any money or property. In the absence of an
4   economic injury, Jaiyeola is merely an uninjured plaintiff suing on behalf of the general public,
5   which California law specifically prohibits. *Branick v. Downey Savings & Loan Assn.*, 39 Cal. 4th
6   235, 240 (Cal. 2006) ("Uninjured persons may not sue[], and private persons may no longer sue on
7   behalf of the general public[].");  FAC ¶¶ 49, 50, 52, 55, 56, 58 (referring to "the general public").

8   Jaiyeola argues in his oppositions, though notably not in his FAC, that his injury is the
9   inability to rely on future advertising, citing to *Davidson v. Kimberly-Clark Corporation,* 889 F.3d
10  956, 969 (9th Cir. 2018). *See, e.g.,* Opp'n to Apple MTD 21; Opp'n to AT&T 21. However,
11  Jaiyeola misapplies *Davidson.* While it is true that a previously deceived customer may generally
12  have standing for injunctive relief based on their inability to rely on advertising in the future, the
13  plaintiff must first be a "previously deceived customer." *Davidson,* 889 F.3d at 969. Jaiyeola
14  cannot escape the fact that he was never deceived into an economic injury by Defendants' alleged
15  false advertising. Jaiyeola's remaining arguments rely on inapplicable case law. *E.g.,* Opp'n to
16  Apple MTD 17 (citing *Creative Mobile Technologies, LLC v. Flywheel Software, Inc.*, No. 16-
17  CV-02560-SI, 2017 WL 679496 (N.D. Cal. Feb. 21, 2017) (plaintiff alleging economic injury in
18  the form of lost business and income); *In re Coca-Cola Products Marketing and Sales Practice
19  Litigation (No. II)*, No. 20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021) (analyzing standing
20  under the Food, Drug and Cosmetic Act)).

21  Accordingly, the Court **GRANTS** Defendants' motions to dismiss Count II for lack of
22  standing.

23  **B.   Motion for Leave to Amend**

24  District courts are instructed to "freely give leave to amend when justice so requires." Fed.
25  R. Civ. Pro 15(a)(2). Nevertheless, a court may deny leave to amend "due to 'undue delay, bad
26  faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by
27  amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of
28  Case No.: 5:23-cv-05182-EJD
    ORDER GRANTING MOTS. TO DISMISS; DENYING MOT. FOR LEAVE TO AM.
    6

the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Courts have repeatedly recognized that granting leave to amend is futile where a plaintiff lacks standing. *See, e.g., Wicker v. Walmart, Inc.*, 533 F. Supp. 3d 944, 952 (C.D. Cal. 2021); *Golden v. Intel Corp.*, 642 F. Supp. 3d 1066, 1073 (N.D. Cal. 2022), *aff'd*, No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023); *Bowler v. Home Depot USA Inc*, No. C-09-05523 JCS, 2010 WL 3619850, at *2 (N.D. Cal. Sept. 13, 2010).

Here, the Court finds that any future amendment would be futile. Jaiyeola is not merely missing facts which, if given the opportunity to amend, could cure the standing deficiencies. Rather, he has affirmatively pled facts in both his FAC and proposed SAC which preclude him from relief.

Jaiyeola's Lanham Act claim cannot be cured because Jaiyeola pled that he is a consumer, not a competitor. As to the California false advertising law claim, Jaiyeola precluded himself from relief by disclaiming any reliance on Defendants' alleged false advertising. As discussed above, Jaiyeola alleged that he did not purchase the iPhone 15 Pro at the initiation of this suit because he knew that the iPhone 15 Pro was not made entirely of titanium, and he now pleads in the proposed SAC that he recently purchased the iPhone 15 Pro despite his knowledge of the materials in the iPhone 15 Pro. These facts reveal that Jaiyeola at no point relied on Defendants' alleged false advertising in making his purchase and therefore suffered no economic injury as the result of Defendants' alleged false advertising. The Court cannot conceive of any new facts that could overcome the deficiencies created from the facts already in the record.

Accordingly, the Court **DENIES** Jaiyeola's motion for leave to file an amended complaint.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motions to dismiss with prejudice and **DENIES** Jaiyeola's motion for leave to file an amended complaint. The Clerk of Court is instructed to close this file.

Case No.: 5:23-cv-05182-EJD
ORDER GRANTING MOTS. TO DISMISS; DENYING MOT. FOR LEAVE TO AM.
7

**IT IS SO ORDERED.**

Dated: April 2, 2024

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　EDWARD J. DAVILA
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge