UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE US, et al.,<br><br>Defendants. | Case No.  5:23-cv-05182-EJD<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 105 |

Before the Court is Plaintiff's second motion to disqualify the Undersigned.  Mot. to Disqualify, ECF No. 105; *see also* ECF Nos. 52, 57, 99.  Plaintiff argues that a sentence in the Court's April 2, 2024, order dismissing his case reveals a personal bias toward Plaintiff.  *See* Order Granting Mots. to Dismiss and Den. Mot. for Leave to Am. ("Order of Dismissal"), ECF No. 101.  Defendants did not file an opposition.

Having carefully reviewed the relevant documents, the Court finds this motion suitable for decision without oral argument pursuant to Local Rule 7-1(b).  For the reasons explained below, Plaintiff's motion is **DENIED**.

Motions to disqualify, or recuse, a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455, both of which carry identical substantive tests for determining personal bias or prejudice.  *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  Under both statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).  Motions for recusal are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than

rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008); *see also Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source"). "By themselves, adverse judicial rulings or critical remarks typically do not establish bias or prejudice" absent exceptional circumstances. *Perez v. Essentia Ins. Co.*, No. 23-CV-06077-VC, 2024 WL 242996, at *1 (N.D. Cal. Jan. 17, 2024) (citing *Pesnell v. Arsenault*, 543 F.3d 1038, 1043–44 (9th Cir. 2008); *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)).

Here, the only basis underlying Plaintiff's claim is one sentence in the Court's order dismissing his case whereby the Court noted Plaintiff's higher education and familiarity with federal procedure, as displayed by Plaintiff's extensive filing history in other Circuits: "While Jaiyeola is a self-represented litigant, the Court notes that he is an experienced, educated, and frequent litigant who has filed dozens of cases in federal district courts and appellate courts across the country, including the Sixth, Ninth, and Tenth Circuits." Order of Dismissal 1 n.1.

This statement, which the Court made in an order during the course of litigation, is not an extrajudicial source that can give rise to a motion to disqualify, and the Court finds no other exceptional circumstances present here.

Ultimately, it seems Plaintiff is dissatisfied with the Undersigned's dismissal of his case. Dissatisfaction with adverse rulings alone, however, does not warrant recusal. Thus, the Court finds Plaintiff's motion to disqualify legally insufficient and **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: May 30, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:23-cv-05182-EJD
ORDER DENYING MOTION TO DISQUALIFY
2