UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GANIYU AYINLA JAIYEOLA,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE US, et al.,<br><br>Defendants. | Case No.  5:23-cv-05182-EJD<br><br>**ORDER DENYING RULE 60(B) MOTIONS**<br><br>Re: Dkt. Nos. 103, 116 |

Before the Court are Jaiyeola's two motions: (1) to vacate the Court's order granting Defendant's motion to dismiss and denying Jaiyeola's motion for leave to file, Mot. to Vacate MTD Order, ECF No. 103; Opp'n, ECF No. 108; Joinders, ECF Nos. 109, 110, 111; Reply, ECF No. 112; and (2) to vacate the Court's order denying Jaiyeola's motion to disqualify the Undersigned.  Mot. to Vacate Disqualification Order, ECF No. 116.

After carefully considering the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the following reasons, the Court **DENIES** Jaiyeola's motions.

I.   **BACKGROUND**

The Court previously summarized the procedural history and factual allegations in its prior orders and will therefore only discuss the more recent background relevant to the present motions.

On April 2, 2024, the Court granted Apple's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied Jaiyeola's motion for leave to file an amended complaint ("MTD Order").  MTD Order, ECF No. 101.  The Court closed this case and entered judgment. Judgment, ECF No. 102.  Jaiyeola subsequently filed a motion to vacate the MTD Order under

Case No.: 5:23-cv-05182-EJD
ORDER DEN. RULE 60(B) MOTS.
1

1  Rule 60(b) and a separate motion to disqualify the Undersigned.  The Court denied Jaiyeola's
2  motion to disqualify on May 30, 2025, ("Disqualification Order") and took his motion to vacate
3  the MTD Order under submission.  Disqualification Order, ECF No. 114; ECF No. 115.  This was
4  Jaiyeola's second denied motion for disqualification of the Undersigned.  *See* ECF No. 75.  Five
5  days later, Jaiyeola filed a motion to vacate the Disqualification Order under Rule 60(b).  ECF No.
6  116.  The Court now considers Jaiyeola's two Rule 60(b) motions to vacate the MTD Order and
7  the Disqualification Order.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment, order, or proceeding upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b).  A Rule 60(b) motion is not a vehicle to re-litigate the underlying claims. To the contrary, "the merits of a case are not before the court on a Rule 60(b) motion." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 61 (9th Cir. 2004).  The party seeking relief under Rule 60 bears the burden of establishing one or more of the listed grounds for relief.  *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).  It is within "the sound discretion of the trial court" to determine whether to grant such relief.  *Thompson v. Hous. Auth.*, 782 F.2d 829, 832 (9th Cir. 1986) (per curiam).

## III.  DISCUSSION

### A.   Judicial Notice

As an initial matter Jaiyeola requests that the Court take judicial notice of the following orders: *Caraccioli v. Facebook, Inc.*, No. 5:15-cv-04145-EJD, Doc. #29 (N.D. Cal. 2016) and *Moua v. Int'l Bus. Machines Corp.*, No. 5:10-cv-01070-EJD (N.D. Cal. Jan. 31, 2012), Doc. # 64.

Courts may consider materials outside a complaint where such materials are incorporated by reference or subject to judicial notice.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Judicial notice is proper if the facts requested to be noticed are "not subject to

Case No.: 5:23-cv-05182-EJD
ORDER DEN. RULE 60(B) MOTS.
2

reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  In granting requests for judicial notice, the Court may only take notice as to the existence of the record "and the facts contained therein, not as to the (disputed) inferences that Defendant [may] seek[] to draw from them." *Darensburg v. Metro. Transp. Comm'n*, No. 5-CV-01597-EDL, 2006 WL 167657, at *3 (N.D. Cal. Jan. 20, 2006); *Khoja*, 899 F.3d at 999 ("But a court cannot take judicial notice of disputed facts contained in such public records.").

Here, Jaiyeola asks that the Court take judicial notice of two orders authored by the Undersigned.  "As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence." *Lowe v. McDonald*, 221 F.2d 228, 230 (9th Cir. 1955).  There are two exceptions to this rule: (1) where the prior action is brought into the pleadings in the case on trial, or (2) where the two cases represent related litigation.  *Id.  Caracciolo* and *Moua* have not been introduced into evidence and neither exception is available here.  Accordingly, Jaiyeola's request is **DENIED**.

### B. Motion to Vacate MTD Order

Jaiyeola argues that the MTD Order should be vacated under Rules 60(b)(1), (b)(4), and (b)(6).  The Court will address each in turn.

#### 1. Rule 60(b)(1): Mistake, Inadvertence, Surprise, or Excusable Neglect

Jaiyeola argues that the MTD Order must be vacated under Rule 60(b)(1) for several reasons.

First, Jaiyeola disagrees with the Court's finding that he lacked statutory standing and argues that the Court improperly played "the role of a trier of fact."  Mot. to Vacate MTD Order 4–8.  Disagreements with the Court's finding is not a basis upon which to vacate an order under Rule 60(b)(1).  The Court also made no evidentiary findings in its MTD Order.  The Court relied on the facts alleged to conclude that Jaiyeola did not have statutory standing.

Second, Jaiyeola argues that the Court considered facts from Jaiyeola's proposed second

amended complaint ("SAC") in the motion to dismiss his first amended complaint ("FAC"). *Id.* at 8–9. The Court is permitted to consider allegations in a proposed amended complaint when determining whether it would be futile for the plaintiff to file that second amended complaint.

Third, Jaiyeola disagrees with the Court's interpretation of Ninth Circuit precedents. *Id.* at 9–11. Disagreements with the Court's finding and interpretation of law is not a basis upon which to vacate an order under Rule 60(b)(1).

Fourth, Jaiyeola argues that the Court took judicial notice of cases where Jaiyeola was a plaintiff without notice. *Id.* at 11–14. This is not a proper ground for vacatur under Rule 60(b)(1). Regardless, as a general matter, Federal Rule of Civil Procedure 201(e) does not prohibit a court from taking judicial notice *sua sponte* before notifying a party. Rule 201(e) provides that, if a court judicially notices an adjudicative fact without notifying a party, the party may make a timely request to be heard on the propriety of taking judicial notice after the fact. Jaiyeola has made no such request here.

Fifth, Jaiyeola argues that the Court played "the role of a trier of fact" and made improper conclusory statements when it compared the allegations in the FAC and proposed SAC to conclude that amendment would be futile. *Id.* at 13–14. Jaiyeola quotes the following passages where he believes that Court made conclusory findings of fact:

> Rather, he has affirmatively pled facts in both his FAC and proposed SAC which preclude him from relief . . . .
>
> As discussed above, Jaiyeola alleged that he did not purchase the iPhone 15 Pro at the initiation of this suit because he knew that the iPhone 15 Pro was not made entirely of titanium, and he now pleads in the proposed SAC that he recently purchased the iPhone 15 Pro despite his knowledge of the materials in the iPhone 15 Pro. These facts reveal that Jaiyeola at no point relied on Defendants' alleged false advertising in making his purchase and therefore suffered no economic injury as the result of Defendants' alleged false advertising.

*Id.* at 14–16 (quoting MTD Order 7).

While it is true that the Court may not reach conclusions regarding the merits of Jaiyeola's claims in a motion to dismiss under Rule 12(b)(6), the Court may compare proposed amendments and the operative complaint to conclude that amendment would be futile, as it did here.

Case No.: 5:23-cv-05182-EJD
ORDER DEN. RULE 60(B) MOTS.

4

Sixth, Jaiyeola argues that the Court ignored facts in the record. *Id.* at 14–16. The Court properly considered all alleged facts relevant to its standing analysis. The Court did not reach the merits of Jaiyeola's claims, thus other facts in the record regarding the merits of Jaiyeola's claims were unnecessary to the Court's findings.

Seventh, Jaiyeola argues that the Court denied leave to amend based on futility without a motion requesting leave to amend. *Id.* at 16–18. However, the MTD Order explicitly resolves Jaiyeola's February 3, 2024, motion for leave to file his SAC at ECF No. 88. MTD Order 6–7. This motion was fully briefed at ECF Nos. 92, 93, 94, 95, and 97 and taken under submission. But even without a motion seeking leave, the Court is permitted to grant dismissal without leave to amend upon a finding that amendment would be futile, which the Court found here.

Therefore, the Court **DENIES** Jaiyeola's motion to vacate the MTD Order under Rule 60(b)(1).

### 2. Rule 60(b)(4): Void Judgment

Next, Jaiyeola argues that the Judgment is void under Rule 60(b)(4) because the Court denied Jaiyeola's due process rights by failing to liberally construe his pleadings as a pro se party. Mot. to Vacate MTD Order 19–22. This is not a proper ground for vacatur under Rule 60(b)(4). Regardless, the Court provided Jaiyeola procedural leniency and liberally construed his pleadings, but the special considerations afforded to pro se parties have their limits. As the Court stated in its MTD Order, "even pro se pleadings 'must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong' and how they are entitled to relief." MTD Order 6 (quoting *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995)).

Therefore, the Court **DENIES** Jaiyeola's motion to vacate the MTD Order under Rule 60(b)(4).

### 3. Rule 60(b)(6): Other Extraordinary Circumstances Justifying Relief

Finally, Jaiyeola argues that the MTD Order must be vacated under Rule 60(b)(6) because the Court was unfair to Jaiyeola in denying his request for judicial notice, deciding his motion without oral argument, and denying him leave to amend. Mot. to Vacate MTD Order 22–24.

Case No.: 5:23-cv-05182-EJD
ORDER DEN. RULE 60(B) MOTS.
5

These are typical procedures in deciding motions to dismiss and do not rise to the level of "extraordinary" actions. *See U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (collecting cases).

Therefore, the Court **DENIES** Jaiyeola's motion to vacate the MTD Order under Rule 60(b)(6).

### C. Motion to Vacate Disqualification Order

Jaiyeola filed a second motion arguing that the Disqualification Order should be vacated under Rule 60(b). Mot. to Vacate Disqualification Order. The Court finds that Jaiyeola has failed to offer any proper basis to vacate the Disqualification Order. Although Jaiyeola cites to Rule 60(b)(1) and 60(b)(4), Jaiyeola does not advance any arguments regarding a mistake, inadvertence, surprise, or excusable neglect or voidness. Instead, Jaiyeola repeats arguments made in his original motion for disqualification and disputes the conclusions of the Court.

Therefore, the Court **DENIES** Jaiyeola's motion to vacate the Disqualification Order under Rules 60(b)(1) and 60(b)(4).

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Jaiyeola's motions to vacate the MTD Order and Disqualification Order. This case remains closed.

**IT IS SO ORDERED.**

Dated: January 30, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:23-cv-05182-EJD
ORDER DEN. RULE 60(B) MOTS.

6